DLD-092                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3441
_____

THOMAS DAVIS,
                              Appellant

v.

ALLEGHENY COUNTY COURT OF COMMON PLEAS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-01275)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Thomas Davis appeals the denial of his motion for post-judgment relief. For the following reasons, we will dismiss Davis' appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B).

In September 2022, Davis filed a civil rights complaint in the District Court against the Allegheny County Court of Common Pleas. He repeated allegations, largely verbatim, from his previous lawsuits accusing the district attorney's office, the public defender's office, and Allegheny County of civil rights violations when he was prosecuted for robbery thirty years ago. See generally Davis v. Cty, of Allegheny, W.D. Pa. Civ. No. 09-cv-00415; Davis v. Cty. of Allegheny, W.D. Pa. Civ. No. 2-18-cv-00794.[1] Without exception, the District Court dismissed the prior lawsuits and denied his post-judgment motions, and we affirmed. See C.A. Nos. 10-2143 (dismissing appeal from judgment in D.C. Civ. No. 09-00415), 18-2962 (affirming dismissal of complaint in D.C. Civ. No. 18-00794), and 19-2703 (affirming denial of Rule 60(b) relief in D.C. Civ. No. 18-00794).

In this action, he named the Allegheny County Court of Common Pleas as the only defendant. The District Court dismissed the complaint with prejudice and without leave

---

[1] Davis continues to argue that, as a result of a policy concerning unrecorded pre-trial plea negotiations, the district attorney's office successfully reneged on an agreement to drop all charges based on the results of a DNA test. Davis was ultimately convicted of four counts of robbery, acquitted of two, and sentenced to 14 to 28 years in prison. Davis has filed numerous state post-conviction motions and federal petitions challenging his convictions and sentence and arguing that the DNA test exonerated him of the robbery charges, even though it apparently only did so with respect to two such charges. See Davis v. Cty. of Allegheny, W.D. Pa. Civ. No. 2:09-cv-01452, ECF No. 2 at 3-4. He was released in 2018.

to amend in an order entered in November 2022. See ECF Nos. 9 & 10 (Mem. Op. and Order). Davis filed a post-judgment motion, which the District Court construed as a motion for reconsideration and denied. See ECF Nos. 12 & 13 (Mem. Op. and Order). Davis filed a timely appeal.[2]

Because Davis' appeal from the denial of his timely post-judgment motion "brings up the underlying judgment for review," we will review both the order dismissing his lawsuit and the order denying the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We will assess the court's order dismissing the complaint with prejudice de novo. See Vorchheimer v. Phila. Owners Ass'n, 903 F..3d 100, 105 (3d Cir. 2018). Regardless of whether Davis' post-judgment motion is viewed as a motion for relief under Rule 60(b) or under Rule 59(e), we review the denial for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).

As the District Court explained, the sole defendant is immune from suit under the Eleventh Amendment. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005). Even if it were not, the complaint would be barred by the statute of limitations because the relevant acts occurred over thirty years ago. Neither flaw may be cured through amendment, so the District Court did not err in declining to allow Davis to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Because our Clerk has granted Davis in forma pauperis status, we must dismiss the appeal as frivolous if the appeal lacks any arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2).

On appeal, Davis complains that the District Court erred in treating his post-judgment motion as a motion for reconsideration under Rule 59(e) rather than a motion under Rule 60(b)(3) for relief from judgment due to fraud. See 3d Cir. Dkt. No. 7 at 3. Any such error would have been harmless because his motion was properly denied under either standard. As the District Court explained, the motion did not meet the Rule 59(e) standard, and Davis has not shown that the defendant "engaged in fraud or other misconduct [which] prevented [him] from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983).

Accordingly, we will dismiss this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B).